# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

GRENETTA MCKINSTRY,                  :
                                      :
     Plaintiff,                     :
                                      :          **CIVIL ACTION FILE NO.**
v.                                    :          **1:05-CV-3119-CC-AJB**
                                      :
IKON OFFICE SOLUTIONS, INC.,          :
                                      :
     Defendant.                     :

## MEMORANDUM OPINION AND ORDER

Before the Court are various discovery related motions that Plaintiff and Defendant have filed. Plaintiff has filed the following six motions: (1) Motion for Subpoena, [Doc. 36]; (2) Motion for Compliance with the Pleadings, [Doc. 38]; (3) Motion to Compel Discovery Responses, [Doc. 41]; (4) Motion to Quash Subpoenas, [Doc. 42]; (5) Motion for Sanctions, [Doc. 44]; and (6) Motion to Correct the Docket, [Doc. 45]. Defendant has filed the following three motions: (1) Motion to Compel Discovery, [Doc. 43]; (2) Motion for an Extension of Time to File Dispositive Motions, [Doc. 48]; and (3) Motion for a Protective Order, [Doc. 50]. For the reasons set forth herein, the undersigned **GRANTS** Plaintiff's motion to compel, [Doc. 41], Defendant's motion to compel, [Doc. 43], and Defendant's motion for an extension of time to file dispositive motions, [Doc. 48]; and **DENIES** Plaintiff's motion for

AO 72A
(Rev.8/82)

subpoena, [Doc. 36], Plaintiff's Motion to Quash Subpoenas, [Doc. 42], Plaintiff's motion for sanctions, [Doc. 44], Plaintiff's motion to correct the docket, [Doc. 45], and Defendant's Motion for protective order and sanctions, [Doc. 50].  Finally, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motions for compliance with the pleadings, [Doc. 38].

## I.      INTRODUCTION

On December 9, 2005, Plaintiff, Grenetta McKinstry, proceeding *pro se*, filed a civil action against Defendant, Ikon Office Solutions, Inc., alleging retaliation and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").  [Doc. 1].  Defendant answered on January 25, 2006, which meant that discovery was scheduled to end on June 26, 2006.  [Doc. 2 & Dkt. Entry dated Jan. 25, 2006].  On April 24, 2006, the Court set a Discovery Conference for May 3, 2006.  [Doc. 22].  Prior to the discovery conference, Plaintiff filed two motions to compel, on April 27 and May 1, respectively.  [Docs. 24-25].

At the May 3 Discovery Conference, Defendant stated that it sought the conference for two reasons - - the parties had reached an impasse as to the manner in

which Plaintiff would provide documents,[1] and Defendant wanted Plaintiff to sign a confidentiality agreement before it produced certain documents. (Discovery Conf. at 2-3). Concerning the confidentiality agreement, the Court explained that such an agreement is made to ensure that information disclosed by both parties is only used for purposes of Plaintiff's Title VII case. (*Id.* at 19-20). Plaintiff indicated at the hearing that she would be willing to sign such an agreement. (*Id.* at 20, 21). The Court stated that the parties' proposed confidentiality agreement needed language to allow the Court to review the proposed confidential materials before they were filed as confidential. (*Id.* at 21-22). The Court then stated that once the confidentiality order was entered, Defendant would have 15 days to produce documents. (*Id.* at 24). The Court finally stated that it would permit Plaintiff to reassert any portions of her motions to compel that were not satisfied by Defendant's responses to her discovery requests. [Doc. 28; Discovery Conf. at 24]. Thus, the Court denied without prejudice Plaintiff's motions to compel.[2] [Doc. 28; Discovery Conf. at 24].

---

[1]    The Court resolved this dispute by directing Plaintiff to take documents responsive to Defendant's discovery requests to a third-party copier and then to seek reimbursement from Defendant for the copying expenses. (Discovery Conf. at 15-16).

[2]    The Court recognizes that Plaintiff has challenged whether the Court actually denied her motions to compel without prejudice. [*See* Doc. 45]. However, for the reasons discussed below, the Court finds that it denied Plaintiff's motions to compel

3

Following the Discovery Conference, Defendant notified the Court that Plaintiff opted not to file the stipulation and order of confidentiality. [Doc. 32]. Defendant did not seek to file unilaterally a motion for a protective order concerning the information sought in the motions to compel from documents 24 and 25.[3] Thereafter, the parties filed nine motions concerning discovery or extending the time to file dispositive motions. The Court discusses each motion in turn.

## II.   PARTIES' MOTIONS

### A.   *Plaintiff's Motion for Subpoena, [Doc. 36]*

Plaintiff seeks an order from the Court for subpoenas so that she can depose three IKON employees - - John McDougal, Marie Aaron, and Dorothy Savoy - - and one former IKON employee - - Kristi Mathis. She wanted them to be deposed on June 14, 2006. [Doc. 36].[4]

_____

without prejudice.

[3]     Defendant sought a limited protective order on July 11 based on Plaintiff's attempts to obtain Holliday's tax returns, addresses of current and former employees, and any investigations by the Securities and Exchange Commission into IKON. [*See* Doc. 50].

[4]     In the evidentiary material submitted with the various discovery motions, Plaintiff indicated that she no longer wanted to depose these individuals after the depositions of David Holliday and Kathy Massey on June 7, 2006, two other IKON employees. (*See* McKinstry email dated Jun. 12, 2006, in Doc. 49 at Exh. L of Davis

"When . . . a prospective deponent is not a party to the litigation, the proper procedure for obtaining the jurisdiction necessary to compel attendance is the issuance of a subpoena pursuant to Federal Rule of Civil Procedure 45." *Bueker v. Atchison, Topeka and Santa Fe Ry. Co.*, 175 F.R.D. 291, 292 (N.D. Ill. 1997). Under Rule 45, a court order is not necessary for a party to issue a subpoena. Instead, Rule 45 provides that "[t]he clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service." *See* FED. R. CIV. P. 45(a)(3).

Plaintiff does not need a court order to obtain a subpoena. Instead, Plaintiff needs to seek a subpoena from the Clerk of Court pursuant to Rule 45. As a result, Plaintiff's motion for subpoena is **DENIED AS UNNECESSARY**.[5]

---

Aff. (After listening to audio tapes of the Holliday and Massey depositions, "I have decided not to depose anyone on June 14, 2006."). It, therefore, appears that Plaintiff's motion for subpoenas is moot. However, the Court will consider the merits of the motion because Plaintiff has not explicitly informed the Court that she has no interest in subpoenaing the IKON employees.

[5]    The Court notes that discovery ended on June 26, 2006. [*See* Dkt. Entry 7 dated Jan. 25, 2006]. No party has sought to extend the time for discovery. As a result, Plaintiff's attempts to depose McDougal, Aaron, Rose, and Savoy would be inappropriate following the close of discovery. Plaintiff would instead need to seek to reopen the time to complete discovery so that she can take depositions. To reopen the time for discovery, Plaintiff would need to make a showing of good cause pursuant to FED. R. CIV. P. 16(b). *See Marcin Engineering, LLC. v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003). Good cause is shown if the Rule 16(b) schedule "cannot reasonably be met despite the diligence of the party seeking the

> **B.** *Plaintiff's Motion for Compliance with the Pleadings, [Doc. 38]*

Plaintiff contends that Defendant has withheld "vital" discovery that she sought in her April 27 and May 1, 2006, motions to compel. Plaintiff claims that IKON has delayed providing the information. [Doc. 38]. She essentially asks that the Court consider her motions to compel from April 27 and May 1, [Docs. 24-25]. Plaintiff also seeks reasonable expenses in connection with her motion pursuant to FED. R. CIV. P. 37(a)(4). Defendant responds that because Plaintiff never signed a confidentiality order, it will not produce confidential documents. [Doc. 39]. Defendant asserts that it has a duty to maintain the security and confidentiality of former and current employees' personal information. [Doc. 39 at 5]. Defendant however asserts that it will produce the confidential documents provided that Plaintiff signs the confidentiality agreement. [*Id.*].

As an initial matter, the Court does not understand why Plaintiff has refused to enter into a confidentiality agreement. Defendant clearly indicates that it is willing to provide the documents that she seeks subject to her signing the confidentiality agreement. As a result, Plaintiff could have obtained the documents and used them in her lawsuit against Defendant had she signed the confidentiality agreement, saving the

---

extension." FED. R. CIV. P. 16 advisory committee notes (1983).

6

parties and this Court time in drafting, defending, and deciding the motions to compel,

motions for sanctions, and motions for protective orders.  In other words, Plaintiff's

agreement to enter into the confidentiality agreement would not have affected her case

against Defendant because she would have received the information that she sought

through discovery and subsequently could have presented this information to the Court.

With that said, Plaintiff has opted to take the more difficult and time-consuming course.

The Court therefore turns to Plaintiff's motion that Defendant comply with her motions

to compel at Documents 24 and 25.

   The Court first concludes that Plaintiff's motion for compliance is proper.  At the

Discovery Conference, Plaintiff led the Court to believe that she was willing to sign the

confidentiality order.  (Discovery Conf. at 20-21).  The Court then stated if Plaintiff

was unsatisfied with Defendant's response to her interrogatories and document request,

she could

> just file a pleading, a short pleading, which says I want compliance with
> the following paragraphs of my two motions to compel.  Serve it on the
> other side and then they'll have the time allowed by law to respond and
> there's no reason for me to sit down and review a motion to compel or to
> have them respond to a motion to compel . . . .

(*Id.* at 24).  Although Plaintiff decided not to enter into the confidentiality agreement,

she did comply with the Court when she filed her motion for compliance because

7

Defendant had not submitted the documents that Plaintiff sought in her April 27 and May 1 motions to compel. The Court assumed that Plaintiff would sign the confidentiality agreement when it instructed her to file a motion for compliance if she were dissatisfied with Defendant's responses to her discovery requests. But, the Court's instruction cannot be construed as requiring Plaintiff to sign the confidentiality order before filing the motion for compliance. Defendant's response to the motion for compliance does not suggest why the motion is improper. Instead, Defendant broadly contends that Plaintiff's discovery requests sought confidential information. [Doc. 39 at 5]. Therefore, in light of the propriety of the motion for compliance, the Court must determine whether Defendant can show that Plaintiff's motions to compel are unduly burdensome or seek irrelevant, unnecessary, or privileged information. *See* FED. R. CIV. P. 26(b)(1)-(2).

During the discovery period, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Thus, "discovery in Title VII cases is 'not without limits. The information sought must be relevant and not overly burdensome to the responding party.'" *Wright v. AmSouth*

8

*Bancorporation*, 320 F.3d 1198, 1205 (11ᵗʰ Cir. 2003) (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11ᵗʰ Cir. 1992)).  A court may limit discovery of relevant material if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  FED. R. CIV. P. 26(b)(2)(iii).  Also, it appears that a court may limit discovery where a party seeks confidential information.  *See Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (The party resisting discovery has "the initial burden of showing that the information is confidential.").[6]

Under Rule 37, a party may move to compel an answer or production of documents:

> [i]f . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested [under Rule 34] . . . .  The motion must include a certification that the movant has in good faith conferred or

---

[6]  A party that asserts information is confidential can seek a protective order after certifying that the movant has conferred in good faith with the opposing party.  *See* FED. R. CIV. P. 26(c).

attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.[7]

FED. R. CIV. P. 37(a)(2)(B).

"The party resisting discovery has a 'heavy burden' of showing why discovery should be denied." *Roehrs v. Minn. Life Ins. Co.*, 228 F.R.D. 642, 644 (D. Ariz. 2005). Once the resisting party meets its burden, the moving party has the burden of showing the information is relevant and necessary. *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000); *see also Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 680 (M.D. Fla. 2006) ("The party seeking production must demonstrate that the request is relevant, i.e., calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial.").

---

7       Plaintiff included a certification with both motions to compel. [*See* Doc. 24 at Certificate of Counsel; Doc. 25 at Certificate of Counsel]. Plaintiff did not submit, however, any certification with her motion for compliance. [*See* Doc. 38]. The Court's instructions to Plaintiff in filing this motion for compliance did not require her to file such a certification. (Discovery Conf. at 26). Based on the parties' extensive discovery motions, it is clear that the parties are unwilling to settle their discovery disputes outside of Court. However, the parties **SHALL** attempt to resolve any future discovery disputes without Court intervention. The Court recognizes that each party distrusts each other, but these interpersonal issues should not interfere with the parties' attempts to resolve discovery disputes without the Court's supervision. If the Court determines that future attempts to resolve discovery disputes were not undertaken in good faith, applying not only a subjective but objective test as well, the Court shall impose sanctions against any party or counsel who has not acted in good faith, and these sanction will include monetary penalties as well as the striking of pleadings.

10

In the motion to compel at Document 24, Plaintiff seeks sworn answers to her interrogatories[8] and responses to interrogatories numbers 5, 9-12, 14, 15, 18, and 19. [Doc. 24 at 2-24].   Plaintiff seeks compliance with the following requests for production of documents: 3-5, 8, 10, 11, and 13-15.  [Doc. 25 at 3-15].  Other than a broad claim that Plaintiff seeks confidential information, Defendant has not argued why Plaintiff's specific requests in the motions to compel seek confidential information.  As a result, Defendant has not met its burden of showing the information sought in each discovery request is irrelevant, unnecessary, confidential, or unduly burdensome and, therefore, not subject to disclosure absent a confidentiality agreement.  As a result, Defendant must comply with Plaintiff's discovery requests subject to the limitations that follow.[9]

The Federal Rules of Civil Procedure allow a Court to limit the scope of discovery on its own initiative without motion by a party.  *See* FED. R. CIV. P. 26(b)(2)

---

[8]     The Court notes that evidence shows that Defendant submitted an amended response to the interrogatories in which they were sworn under oath.  [*See* Discovery Conf. at 24-25].  Thus, the issue has been resolved and is now moot.

[9]     The Court reiterates that the parties **SHALL** attempt to resolve any discovery disputes arising from this order outside of court.  For instance, it appears that the parties disagree as to whether Interrogatory No. 15 was properly answered.  [*See* Doc. 24 at 19-20].  This issue should be resolved without involving the Court as it appears that the parties are close in resolving the issue.

11

("The Court may act upon its own initiative after reasonable notice . . ." to limit discovery.).  The Court notes that "[d]espite the relatively permissive view of relevance by the courts, it is axiomatic that discovery should not be allowed of information that has no conceivable bearing on the case."  *Six v. Henry*, 796 F. Supp. 1448, 1449 (W.D. Okl. 1992).

The Court decides to exercise its initiative and limit the scope of Plaintiff's discovery requests.[10]  Defendant need not produce Holliday's federal and state income tax returns or documents relating to any Securities and Exchange Commission ("SEC") investigations as requested in Document Request No. 10, because this information has no bearing on whether Plaintiff experienced retaliation or race discrimination and is irrelevant to Plaintiff's damage claims.  Also, Defendant need not produce information sought in Document Request No. 11 in which Plaintiff seeks documents relating to Holliday's medical treatment for the past five years.  [*See* Doc. 25 at 11].  Plaintiff contends that this information is relevant because Holliday was a manager at IKON and

---

[10]      The Court recognizes that when a Court takes initiative to limit discovery, Rule 26(b)(2) states that the Court must give reasonable notice.  The Court concludes, however, that Plaintiff will not be prejudiced by the Court's failure to give notice because: (1) her motions to compel explain why she believes certain discovery requests are relevant; and (2) the Court is only limiting discovery that is clearly irrelevant to her Title VII claims.

was, therefore, an extension of IKON and Plaintiff is permitted to review evidence that relates to her Title VII claims. [*Id.* at 11-12]. The Court disagrees. Plaintiff's lawsuit seeks to determine whether IKON discriminated or retaliated against her. Such an action requires her to show that she was treated differently because of her race and because she engaged in protected activity. Holliday's private medical records will not help Plaintiff make such a showing even if Holliday was involved in the discriminatory or retaliatory actions. Thus, Defendant need not provide Plaintiff with Holliday's medical records to the extent that it is in possession of such records.

In addition, to the extent that any documents directed to be produced pursuant to this order contain the Social Security Number (SSN) of any person other than Plaintiff, Defendant shall redact the SSN from any documents before production to Plaintiff.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for compliance of her motions to compel. [Doc. 38]. Plaintiff's motion for compliance is **GRANTED** as to all requests in the motions to compel except (1) Document Request No. 11, (2) Document Request No. 10 to the extent that it seeks Holliday's federal and state income tax returns or documents relating to any SEC investigations of IKON, and (3) any portion of any document containing the SSN of a

13

person other than Plaintiff.   Defendant **SHALL** respond to Plaintiff's discovery

requests sought in the motions to compel within fifteen (15) days of entry of this order.

C.      *Plaintiff's Motion to Compel Discovery Responses, [Doc. 41]*

In Interrogatory No. 20, Plaintiff sought to obtain the last known contact

information for Plaintiff's witnesses, including their addresses, telephone numbers, and

employment status with IKON.  [Doc. 41 at 2].  Defendant objected to this request

because it was unduly burdensome, but stated that it would produce the information

upon entry of a confidentiality agreement.  [*Id.* at 3].

Plaintiff now moves to compel Defendant to respond fully to Interrogatory 20

because: (1) Defendant did not meet its burden of showing why the information was

unduly burdensome; (2) there is no requirement that the parties enter into a

confidentiality agreement; (3) IKON released Holliday's address; and (4) IKON has

released similar information in another lawsuit. [Doc. 41].  Defendant does not directly

respond to the motion.  Instead, Defendant has moved for a protective order.  [*See* Doc.

50 at 14-15].

The standard for determining whether information can be obtained through

discovery is relevance.  *See* FED. R. CIV. P. 26(b)(1).  Information is relevant if it is not

privileged and "appears reasonably calculated to lead to the discovery of admissible

14

evidence." *Id.* "The party resisting discovery has a 'heavy burden' of showing why discovery should be denied." *Roehrs*, 228 F.R.D. at 644.

The Court concludes that Defendant must produce the requested information. First, the Court notes that Defendant appears to have conceded that the information is relevant by virtue of its response to the interrogatory when it stated that it would provide the information once the parties entered into a confidentiality agreement. [Doc. 41 at 3]. Second, Defendant has failed to meet its burden of showing why discovery should be denied because it failed to respond to Plaintiff's motion to compel. The Court recognizes that Defendant sought a protective order for this information, [Doc. 50], but as discussed below, the protective order was untimely. The Court will limit, however, the scope of this request in that Plaintiff **IS PROHIBITED** from using this information for any purpose other than her current lawsuit against IKON. She also is **DIRECTED** not to release this information to any third party. The Court will look very unfavorably upon any violation of these prohibitions.

Accordingly, the Court **GRANTS** Plaintiff's third motion to compel, [Doc. 41]. This information shall only be used in the instant law suit. Plaintiff **SHALL NOT** release this information to any third party.

15

### D.   *Plaintiff's Motion to Quash Subpoenas, [Doc. 42]*

Plaintiff seeks to quash 13 subpoenas that Defendant sent to 13 companies or institutions.  Plaintiff states without explanation that the subpoenas should be quashed because: (1) the subpoenas require the disclosure of trade secrets or other confidential research; (2) the subpoenas require disclosure of privileged matters; (3) the subpoenas fail to allow reasonable time for disclosure; and (4) the subpoenas are unduly burdensome.  [Doc. 42].  Defendant responds that Plaintiff lacks standing to bring the motion to quash because the subpoenas are not directed at her and she has no personal right or privilege to the information requested.  [Doc. 47 at 3-5].  Defendant contends that Plaintiff cannot assert that the information is privileged or protected because: (1) Plaintiff fails to describe any privileged or confidential relationship with the third parties; (2) Plaintiff's interest in her educational records, employment records, and financial documents do not outweigh Defendant's need for evidence; and (3) the information sought is expected to be probative of IKON's defense.  [*Id.* at 5-10].

The party who moves to quash the subpoena has the burden of persuasion under Rule 45(c)(3).  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005); *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005); *see also Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) ("The 'burden of

16

proving that a subpoena is oppressive is on the party moving to quash.'") (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984)). Under FED. R. CIV. P. 45, a court must quash or modify a subpoena if it, *inter alia*: (1) "fails to allow reasonable time for compliance"; (2) "requires disclosure of privilege or other protected matter and no exception or waiver applies"; and (3) "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(i), (iii), (iv); *see also* FED. R. CIV. P. 45 advisory committee notes (1991) ("Subparagraph (c)(3)(A) identifies those circumstances in which a subpoena must be quashed or modified."). A subpoena should be quashed when it "requires disclosure of a trade secret or other confidential research, development, or commercial information" unless the party serving the subpoena shows a substantial need. FED. R. CIV. P. 45(c)(3)(B)(i); *see also* FED. R. CIV. P. 45 advisory committee notes (1991).

The Court concludes that Plaintiff has not met her burden of persuasion because she merely makes four conclusory allegations without any elaboration. In other words, Plaintiff has failed to explain why the subpoenas: (1) require disclosure of trade secrets or confidential information; (2) require disclosure of privileged or other protected matter; (3) fail to allow a reasonable time for disclosure; and (4) subject the nonparty

17

entities being subpoenaed to undue burden.  [*See* Doc. 42 at 2].  Without any argument,

the Court cannot quash the subpoenas.[11]

Accordingly, the Court **DENIES** Plaintiff's motion to quash subpoenas,

[Doc. 42].

E.    *Defendant's Motion to Compel Discovery, [Doc. 43]*

As discussed above, "[p]arties may obtain discovery regarding any matter . . .

that is relevant to the claim or defense of any party . . . .  Relevant information need not

be admissible at trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1).  Under Rule 37, a party

may move to compel an answer or production of documents:

> [i]f a deponent fails to answer a question propounded or submitted under
> Rule 30 . . . or if a party, in response to a request for inspection submitted
> under Rule 34, fails to respond that inspection will be permitted as
> requested or fails to permit inspection as requested [under Rule 34] . . . .
> When taking a deposition on oral examination, the proponent of the
> question may complete or adjourn the examination before applying for an
> order.

---

[11]    The Court notes that a party has standing to move to quash subpoenas
directed at nonparties where "if the party alleges a 'personal right or privilege' with
respect to the subpoenas."  *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231
F.R.D. 426, 429 (M.D. Fla. 2005) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.
1979)).  Plaintiff has not shown that she has standing to challenge the nonparty
subpoenas because she has not shown how she has a personal right or privilege in any
of the information, providing another basis for denying her motion.

FED. R. CIV. P. 37(a)(2)(B).  A deponent is viewed as failing to answer a question when she provides "an evasive or incomplete . . . answer."  FED. R. CIV. P. 37(a)(3). Therefore, "[i]f a witness whose deposition testimony is sought refuses to testify out of concerns for confidentiality obligations, the deposing party may move to compel cooperation pursuant to Fed. R. Civ. P. 37(a)(2)(B)."  *Stephens v. County of Albemarle*, 422 F. Supp. 2d 640, 646 (W.D. Va. 2006).  "The *pro se* status of a non-compliant litigant does not relieve her of any discovery obligations."  *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002).  "The party resisting discovery has a 'heavy burden' of showing why discovery should be denied."  *Roehrs*, 228 F.R.D. at 644.

### 1.    Certification that Parties' Conferred

Defendant in its brief and in its attorney's affidavit certified that it made a good faith attempt to confer with Plaintiff about her document requests.  (Davis Aff. ¶ 7 in Doc. 43 & Doc. 43 at 2).  Plaintiff asserts that Defendant failed to certify that it made a good faith effort to confer with her, and that she does not recall Defendant trying to make a good faith effort to secure information on June 7, 2006.  [Doc. 46 at 2, 7].

19

Under Rule 37(a)(2)(B) and Local Rule 37.1A(1), a party filing a motion to compel must include a certification that he conferred with the opposing party in good faith to secure the information or material without court action.

The Court concludes that Defendant included a certification that it tried to confer with Plaintiff in good faith concerning the discovery requests. Although Defendant did not file a document entitled, "Certification," Defendant stated in its brief and in its attorney's affidavit that it attempted to confer with Plaintiff on the discovery matters. (Davis Aff. ¶ 7 in Doc. 43 & Doc. 43 at 2). The Court concludes that this certification is sufficient. *See* N.D. Ga. R. 37.1A(1) (stating that a party should "[i]nclude the certification of counsel with regard to the duty to confer required by Fed. R. Civ. P. 37(a)(2)(A)(B)"). As for Plaintiff's claim that she does not recall being contacted on June 7, the Court is faced with two opposing accounts as to whether Defendant conferred in good faith. Instead of resolving this factual dispute, the Court notes that Plaintiff's response to the motion indicates that she does not want to answer questions or provide all documents. Given the unlikelihood of a resolution of the issue, the Court will resolve the motion to compel instead of holding a hearing to determine whether the parties' actually conferred in good faith. *See Land Ocean Logistics, Inc. v. Aqua Gulf*

20

*Corp.*, 181 F.R.D. 229, 235-36 (W.D.N.Y. 1998) ("[C]ourts have excused the good faith requirement . . . where efforts at informal compromise would have been futile.").

2.    *Requests for Production of Documents*

a.    *Production Request No. 5*

In Request for Production No. 5, Defendant sought: (1) pay stubs, receipts, W-2 forms, or other documents that relate to any payment or compensation received from any source over the last five years; and (2) copies of federal and state income tax returns.  (Request for Production No. 5 in Doc. 43 at Exh. A of Davis Aff.).  Plaintiff objected to the document request because it sought confidential information or proprietary business information.  (*Id.*).

Defendant argues that because Plaintiff sued for economic damages, her income tax returns should be produced to show income information.  Defendant also argues that because Plaintiff placed her wages in issue, documents showing income from her current employer are also relevant.  [Doc. 43 at 8-9].  Plaintiff contends that she responded fully to Defendant's Document Request No. 5.  Plaintiff argues that she provided her IKON pay stubs from February 2002 through February 2005, IKON's requests were duplicative because they already had the information, IKON did not respond to her email of May 9 concerning Plaintiff's discovery documents, and

21

Plaintiff's financial information after February 21, 2005, is irrelevant to Plaintiff's back pay claim.  [Doc. 46 at 3-6].

The Court concludes that Plaintiff has not complied with Document Request No. 5.  First, Plaintiff's decision to provide pay stubs between February 2002 and February 2005 is unresponsive to Defendant's request for check stubs, receipts, W-2 forms from the past five years or to Defendant's request for federal and state income tax returns.  Second, Plaintiff's income tax records are potentially relevant because they provide information not contained in the W-2 about Plaintiff's earnings.  *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990) ("[I]t appears that the quasi-privilege for tax returns has not been expressly recognized within this Circuit.  Rather, the discoverability of tax returns has turned on relevance."); *Patton v. Southern Bell Tel. & Tel. Co.*, 38 F.R.D. 428, 430 (N.D. Ga. 1965) ("[P]laintiff's income tax returns is relevant to his loss of earnings, and is subject to discovery.").

Third, Plaintiff seeks back pay, which is calculated as "'the difference between the actual wages earned and the wages the individual would have earned in the position that, but for the discrimination, the individual would have attained.'" *Akouri v. State of Fla. Dept. of Transp.*, 408 F.3d 1338, 1343 (11th Cir. 2005) (quoting *Gunby v. Penn.*

AO 72A
(Rev.8/82)

*Elec. Co.*, 840 F.2d 1108, 1119-20 (3d Cir. 1988)).[12]  In seeking back pay, Plaintiff

requests that the calculations begin after IKON terminated her.  (*See* Complaint in Doc.

1).  Thus, Plaintiff's back pay determination is made by finding the difference between

her actual wages after February 2005 and what she would have made at IKON after

February 2005.  Thus, Plaintiff's employment status, wages, and income tax records

after February 2005 are highly relevant to her claim for damages.

      Fourth, Plaintiff's argument that Defendant's request was duplicative because it

already possessed documents is unpersuasive because Defendant clearly did not have

Plaintiff's tax records or income information for employment outside of IKON.

Finally, the Court is unpersuaded that Defendant's decision not to respond to the May

9, 2006, email defeats Defendant's motion to compel.  Plaintiff must, therefore, produce

those documents requested in Document Request No. 5 because they are relevant to her

damages claim.  Defendant shall not disclose this information to third parties or use this

information for purposes beyond the instant lawsuit.

---

     [12]     The Eleventh Circuit has stated that back pay in Title VII is calculated as
follows: "Loss of pay shall be determined by deducting from a sum equal to that which
[the employee] would normally have earned for each such quarter or portion thereof,
[his] net earnings, if any, in other employment during that period. Earnings in one
particular quarter shall have no effect upon the back-pay liability for any other quarter."
*Darnell v. City of Jasper, Ala.*, 730 F.2d 653, 657 (11th Cir. 1984) (quoting *NLRB v.
Seven-Up Bottling Co.*, 344 U.S. 344, 345 (1953)).

b.    *Document Request No. 12*

In Request for Production No. 12, Defendant sought documents relating to Plaintiff's attempts to obtain employment following February 2005, including applications, resumes, letters, job requests, check stubs, or other documents.  (Request for Production No. 12 in Doc. 43 at Exh. A of Davis Aff.).  Plaintiff responded that the request was overly broad and unduly burdensome because it took Plaintiff ten months to find employment, so the information request was too cumulative.  (*Id.*).

Defendant contends that Plaintiff's response to Document Request No. 12 is essentially an argument that the request was unduly burdensome, placing the burden on her to show how the request is unduly burdensome.  [Doc. 43 at 10-11]. Plaintiff responds that she provided her resume and a sheet with a list of employers that she contacted for employment.  She also states that her response to document request number 7 stated that she applied for positions with temporary agencies.  [Doc. 46 at 6-7].

The Court concludes that Plaintiff has not met her burden of showing that document request number 12 was unduly burdensome.  Plaintiff's response to Defendant does not address the burdensome nature of the request, so the Court has no basis to deny the motion to compel for this reason.  [*See* Doc. 46 at 6-7].  *See Coker v.*

*Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998) ("Under well-settled law, the party resisting production bears the responsibility of establishing undue burden."). Instead, Plaintiff claims that she fully complied with the request by providing her resume and a list of employers who she contacted for employment. Defendant's Document Request No. 12 sought more information, specifically, documents and communications that show Plaintiff sought employment or obtained employment after February 2005, including "applications, resumes, letters, job requests, contracts, compensation agreements, commission agreements, checks, check stubs, or any other documents evidencing your employment or all of your efforts to obtain employment." Plaintiff's decision to provide her resume and a list of employers Plaintiff contacted does not meet this request. As a result, Plaintiff clearly has not complied with Document Request No. 12 and provides no legitimate reason why she has not complied. Plaintiff, therefore, must respond to Defendant's Document Request No. 12.

### 3.    *Plaintiff's Deposition Testimony*

Plaintiff was deposed on May 24, 2006. In the deposition, Plaintiff refused to answer questions concerning the details of her consulting business including the amount of money her company makes, the amount of money the company grossed, and the types and number of clients that the business has. (McKinstry Dep. at 64-71 in

25

Doc. 43 at Exh. B of Davis Aff.).  Specifically, Plaintiff stated that she had between 0 and 100 clients when asked about the number of clients that her consulting business had.  (McKinstry Dep. at 66 in Doc. 43 at Exh. B to Davis Aff.).  She also stated, "I'm a consultant.  And giving you all the information on a detailed situation is a cost, which I don't think has to go into detail her. . . .  If you want additional information, you pay me for that . . . ." (*Id.* at 67).  Plaintiff stated that he consulting business made between 0 and $500,000 dollars in 2001, 2002, 2003, 2004, and 2005 without estimating any amount between this range.  (*Id.* at 70-71).  Plaintiff merely stated that she worked for a company in the Atlanta area when asked about her current place of employment, but refused to provide the name of her current employer.  (*Id.* at 309-13).

Defendant contends that it was impermissible for Plaintiff to refuse to answer questions at her deposition.  [Doc. 43 at 10-11].  Plaintiff responds that she responded to Defendant's questions, and Defendant merely takes issue with the response.  [Doc. 46 at 7].

Under Rule 30, a party making an objection during a deposition must state the objection "concisely and in a non-argumentative and non-suggestive manner." FED. R. CIV. P. 30(d)(1).  After an objection is made, "the examination shall proceed, with the testimony being taken subject to the objections." FED. R. CIV. P. 30(c).  A

26

party may refuse to answer a question "only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion" showing that the deposition was made in bad faith or to annoy, embarrass, or oppress the deponent. *See* FED. R. CIV. P. 30(d)(1). Therefore, a motion to compel answers to deposition questions under Rule 37 "should be granted if the questions are relevant and proper and denied if the questions call for privileged information or if an answer is otherwise unnecessary." *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus , *Federal Practice and Procedure* § 2286 (1994)).

The Court concludes that Plaintiff did not adequately respond to Defendant's deposition questions and instead provided evasive and non-responsive answers. First, Plaintiff has not asserted any privilege. Instead, she contends that she answered Defendant's questions. However, Plaintiff cannot seriously assert that she provided a responsive answer to a question concerning the number of clients of her consulting business when she stated that she had between 0 and 100. Likewise, Plaintiff cannot seriously contend that she provided an adequate response to Defendant's question about her current employer when she stated that it was in the Atlanta region. Defendant has posed routine deposition questions to Plaintiff to which she has refused to answer. In

27

fact, her (non-)answers border on contumacious behavior.  As a result, the parties shall reconvene a deposition at a mutually agreeable time within fifteen (15) days of entry of this order if Defendant decides that it still requires responses to these questions.  This deposition shall last no longer than two (2) hours provided that Plaintiff gives responsive and specific answers to the following questions:

(1)     What is the nature of your consulting business?

(2)     What kind of clients does your consulting business have?

(3)     How many clients does your consulting business have?

(4)     What is the nature of your clients' businesses?

(5)     What exactly do you do as an environmental consultant?

(6)     How much money did your environmental consulting company make in 2001, 2002, 2003, 2004, and 2005?

(7)     The name(s) of the company where you currently are employed and the name(s) of the company where you were employed at the time that you were deposed if different?

Plaintiff shall also answer any other questions concerning her consulting business and place of employment that Defendant poses that relate to the above seven questions and that are relevant to the instant litigation.  The Court notes, however, that Defendant need not spend much time exploring the first five questions because the Court does not

28

understand how details about Plaintiff's consulting business are relevant to a defense against Plaintiff's Title VII claims (unless Plaintiff's consulting business is relevant to her qualifications or for some other purpose about which the Court is unaware). The Court also notes that the questions concerning the consulting business's earnings and the name of Plaintiff's employer are very relevant to Defendant's defense against Plaintiff's damages claim.

Accordingly, the Court **GRANTS** Defendant's motion to compel. Plaintiff **SHALL** respond to Defendant's questions concerning her current employer and her consulting business at a mutually agreeable time and location within fifteen (15) days of entry of this order. Also, Plaintiff **SHALL** produce the information sought in Defendant's production requests numbers 5 and 12 within fifteen (15) days of entry of this order.

### 3. Sanctions

Defendant also seeks sanctions for reasonable expenses associated with filing the motion to compel. [Doc. 43 at 11-12]. The Court **DENIES** Defendant's request for sanctions for the reasons set forth in the discussion of Plaintiff's motion for sanctions, [Doc. 44].

29

### F.    Plaintiff's Motion for Sanctions, [Doc. 44]

Plaintiff seeks sanctions because Defendant failed to comply with Interrogatories Nos. 5 and 11 as well as Document Request Nos. 4, 5, 10, 13, and 15 pursuant to FED. R. CIV. P. 37(a)(4).  [Doc. 44].

Defendant responds that sanctions are unwarranted because: (1) it fully responded to Interrogatory No. 5; (2) it cannot fully respond to Interrogatory No. 11 without a confidentiality agreement; (3) it fully responded to Document Requests Nos. 4-5; (4) it responded to the relevant parts of Document Request No. 10, but would not provide Holliday's income tax returns; (5) it did not have documents in its possession that are responsive to Document Request No. 13; (6) it produced documents responsive to Document Request No. 15; and (7) Plaintiff's Interrogatory No. 20 can be responded to if Plaintiff signs a confidentiality agreement or if she informs IKON which current employees she wants to contact, she may do so.  [Doc. 49 at 1-14].

Plaintiff replies that Defendant's July 11, 2006, response should not be considered because it is untimely as it filed over ten days after she filed her June 26 motion for sanctions.  [Doc. 53 at 2, 4-5].[13]

───────────────

[13]    The Court notes that Defendant's response was timely.  Plaintiff filed her motion for sanctions on June 26, 2006.  Under the local rules, Defendant had ten days after service of the motion to respond.  N.D. Ga. R. 7.1B.  The Local Rules further

30

When a motion to compel is granted,

> the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(4)(A).  The advisory committee notes state "that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court."  FED. R. CIV. P. 37 advisory committee notes (1970). Where there is a "genuine" dispute over the discovery, the losing party is substantially justified in allowing the matter to be resolved by the court.  *Id.*  A court need not assess sanctions where both parties are at fault for discovery violations.  *See Ehret v. New*

---

explain that:

> For time periods of less than eleven (11) days, the response time is first calculated as directed by Fed.R.Civ.P. 6(a) and, counting weekends and legal holidays, three (3) days for mailing is added to the computed date (Fed.R.Civ.P. 6(e)). For example, under Rule 6(a), a ten (10) day response period becomes at least fourteen (14) days (longer if a legal holiday is included) and the period enlarges to seventeen (17) days if service is by mail.

N.D. Ga. R. 6.1A.  Plaintiff served Defendant by mail on June 26, (Certificate of Service in Doc. 44 at 10), giving Defendant 17 days to respond.  *Id.*  Thus, Defendant had until July 13 to respond to the motion for sanctions.

*York City Dept. of Soc. Servs.*, 102 F.R.D. 90, 92-93 (E.D.N.Y. 1984) (affirming magistrate's denial of sanctions where "both sides had legitimate grievances against the other"); *Many Amazing Ideas, Inc. v. Drybranch, Inc.*, No. 91 Civ. 4822, 1992 WL 88182 at * 2 (S.D.N.Y. Apr. 20, 1992) ("Since both parties are at fault with respect to the merits, an award of expenses pursuant to Rule 37(a)(4), Fed.R.Civ.P. would be ineffectual as well as 'unjust' within the meaning of the Rule. *Counsel should be aware, however, that future violation of the discovery rules may result in non-monetary sanctions*.") (emphasis added); *cf. Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 395 (1st Cir. 1990) (holding no abuse of discretion where district court concluded that neither side should recoup losses because "[defendant's] Rule 37 misconduct cost plaintiffs about the same, in terms of counsel fees and expenses, as plaintiffs' Rule 11 misconduct cost [defendant]").

The Court **DENIES** Plaintiff's and Defendant's motions for sanctions, [Docs. 43-44]. Because both parties are at fault for failing to respond to certain discovery requests, the Court will not require either party to pay expenses for their various discovery violations. Instead, they each shall bear the costs and expenses of their own discovery motions.

G.     *Plaintiff's Motion to Correct the Docket, [Doc. 45]*

Plaintiff contends that the docket at entries 27 and 28 erroneously indicates that her motions to compel in documents 24 and 25 were denied without prejudice because the undersigned never explicitly stated in the May 3 discovery conference that the motions were denied without prejudice.   As a result, she requests the docket be corrected to reflect what transpired at the Discovery Conference.   Plaintiff also asks that certain docket entries be modified to "more accurately reflect what Plaintiff filed and submitted to the court" because the paraphrasing causes errors and inaccuracies.   [Doc. 45].

The Court concludes that Plaintiff's motions to compel were denied without prejudice.  The Court has reviewed a transcript of the discovery conference.  The Court recognizes that it did not explicitly state that Plaintiff's motions to compel were denied without prejudice.   The following language however implicitly indicated that the motions were denied without prejudice:

> Here's what I'm going to do, all right?  I'll get you all the proposed confidentiality order language by the middle of the afternoon.  I will give the defendant fifteen days after the entry of any confidentiality order to produce the documents which are otherwise discoverable in response to Ms. McKinstry's discovery requests.  If, after conclusion of her documents, you still think that you're entitled to some aspect of your motions [to compel at documents 24 and 25] that have not been made

33

> moot by their production, then just file a pleading, a short pleading, which says I want compliance with the following paragraphs of my two motions to compel.  Serve it on the other side and then they'll have the time allowed by law to respond and *there's no reason for me to sit down and review a motion to compel or have them respond to a motion to compel if within the next couple of days you're going to get the discovery that you're entitled to.*

(Discovery Conf. at 24 (emphasis added)).  The undersigned's statement that there is "no reason for me to sit down and review a motion to compel" along with the statement "[i]f . . . you still think you're entitled to some aspect of your motions that have not been made moot by their production, then just file a pleading . . . which says I want compliance with the following paragraphs of my two motions to compel" clearly indicates that the motions to compel at documents 24 and 25 were denied without prejudice.  Therefore, the docket does not need to be modified or corrected at entries 27 or 28 because the Court's language indicates that it denied the Plaintiff's motions to compel without prejudice.[14]

_____

[14]    The Court reminds Plaintiff that it has considered the motions to compel because Plaintiff sought to have the motions to compel considered when she filed the motion for compliance with the pleadings.  [*See* Doc. 38].  As a result, Plaintiff has suffered no prejudice from the Court's decision to deny her motions to compel without prejudice as indicated in entries 27 and 28 because the Court has subsequently considered the merits of these motions following Plaintiff's filing of her motion for compliance with the pleadings.

AO 72A
(Rev.8/82)

Also, the Court will not direct the clerk to correct the docket entries 17, 18, 19, 24, 25, 30, 34, 36, 38, 41, and 42 or the docket entry dated June 13, 2006.  Under FED. R. CIV. P. 79(a),

> The clerk shall keep a book known as "civil docket" of such form and style as may be prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States, and shall enter therein each civil action to which these rules are made applicable. . . .  All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket . . . . *These entries shall be brief but shall show the nature of each paper filed . . . .*

FED. R. CIV. P. 79(a) (emphasis added).  The Court has reviewed each docket entry about which Plaintiff complains with Plaintiff's proposed language and concludes that Plaintiff merely is requesting stylistic changes.  The Court finds that the docket entries as presently written are brief and describe the nature of each paper filed by Plaintiff as required by Rule 79(a).  Also, the current docket entries reflect the same information as Plaintiff's preferred language.  The Court will not order the Clerk's Office to modify the docket for stylistic changes where the docket entries contain no substantive errors.[15]

---

[15]     The Court recognizes that Plaintiff's certificate of service filed at document 30 of the docket is entitled "Amended Certificate of Service." [*See* Doc. 30]. The docket does not need to state that the certificate of service is amended because Plaintiff has merely filed the certificate of service to reflect that she served a copy of her second set of interrogatories to Defendant.  There is no indication that she is amending a prior certificate of service.  Instead, it appears that she is merely filing

Accordingly, the Court **DENIES** Plaintiff's motion for docket modifications. [Doc. 45].

> H.     *Defendant's Motion for an Extension of Time to File Dispositive Motions, [Doc. 48]*

Defendant requests a 21-day extension from the date that the Court ruled on the outstanding motions to compel and motion to quash subpoenas because resolution of the motions would likely impact the dispositive motions. [Doc. 48]. Plaintiff opposes the extension because the deadline for filing the discovery motion was clearly stated in the "Instructions to Pretrial Proceedings." Also, Plaintiff contends that Defendant's motion to compel is based on Plaintiff's financial, education, and work histories, information that Plaintiff has already provided to Defendant. Plaintiff further contends that Defendant's three attorneys should be capable of drafting a dispositive motion following the four months of discovery that has already occurred. Plaintiff finally argues that Defendant's motion is a delay tactic and "just another frivolous attempt by Defendant to delay the proceedings" in this case. [Doc. 51].

Under FED. R. CIV. P. 16(b), "[a Rule 16(b)] schedule shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." FED. R.

---

another certificate of service.

36

CIV. P. 16(b).  Good cause is shown if the Rule 16(b) schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  FED. R. CIV. P. 16 advisory committee notes (1983).  In the instant case, the Rule 16(b) discovery schedule states that a motion for summary judgment must be filed withing 20 days of the conclusion of discovery unless the Court rules otherwise.  [*See* Doc. 9 at 4, Doc. 12 at 7, Doc. 15].  Thus, the Court can only grant the motion to extend time for filing dispositive motions if Defendant has demonstrated good cause.

The Court concludes that Defendant has demonstrated good cause.  As Defendant states, there were a number of discovery motions that remained outstanding both for Plaintiff and Defendant at the time Defendant filed the motion for an extension of time.  [*See, e.g.*, Docs. 38, 41-43].  Although Defendant's motion to compel concerning requests for information about Plaintiff's claims for damages or relief does not appear to have any bearing on issues on summary judgment, [*see* Doc. 41], the Court notes that Plaintiff has moved to quash Defendant's subpoenas to nonparty entities.  [*See* Doc. 42].  Defendant has explained that information sought in the subpoenas could lead to information concerning whether Plaintiff can establish a *prima facie* case of discrimination.  [*See* Doc. 47 at 8].  Thus, the Court concludes that the ruling on Plaintiff's motion to quash is necessary before any party can file a dispositive motion

37

because it could affect the evidence used to support such a motion.  Also, the Court notes that it had not ruled on Plaintiff's motions to compel at the time Defendant sought the extension.  The content of Defendant's dispositive motion also is likely to be influenced by the Court's ruling on Plaintiff's motions to compel.  [*See* Docs. 24-25, 38].

As for Plaintiff's arguments, the Court finds them unpersuasive.  First, although the Court set a deadline of 20 days following the close of discovery to file dispositive motions, the Court notes that such a deadline is not rigid because it may be extended for a showing of good cause.  Second, although Defendant's motion to compel may not be relevant for any dispositive motion, the Court finds that the other discovery motions that were outstanding when Defendant sought the extension of time might affect the content of any dispositive motion.  Third, the Court recognizes that Plaintiff is *pro se* and Defendant is represented by multiple attorneys, but this has no bearing on when the parties can file dispositive motions, especially in light of the fact that discovery motions had not been ruled on when Defendant sought the extension of time.  Finally, the Court does not find Defendant's motion for an extension to be a delay tactic because as explained, the discovery motions could affect the content of the dispositive motions.

Accordingly, the Court **GRANTS** Defendant's motion for an extension of time for filing dispositive motions, [Doc. 48]. The parties **SHALL** file any dispositive motions within forty-five (45) days of entry of this order. This time period sets the time to file dispositive motions thirty (30) days following the parties' compliance with the discovery orders contained herein.

I.   *Defendant's Motion for Protective Order and Motion for Sanctions, [Doc. 50]*

a.   *Protective Order*[16]

Defendant seeks a protective order pursuant to FED. R. CIV. P. 26(c) for the following information: (1) Holliday's federal and state tax returns; (2) the personnel files, addresses and contact information for Defendant's current and former employees;

---

[16]   "For a protective order to be granted, a party must show that the information is confidential and that the disclosure would be harmful." *Kaiser Aluminum & Chem. Corp. Phosphate Eng'g & Constr. Co., Inc.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994). "[T]he Federal Rules of discovery contemplate their production in a manner designed to prevent improper disclosure where the information is relevant to matter at issue in litigation." *Voyeur Dorm, L.C. v. City of Tampa, Fla.*, No. 8:99-CV-2180-T-24F, 2000 WL 34235978 at * 1 (M.D. Fla. 2000) (citing FED. R. CIV. P. 26(c)(7)). "The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005). The Court does not discuss the merits of the motion for a protective order because it is untimely.

and (3) documents concerning any investigation by the SEC.  [Doc. 50 at 14].

Defendant contends that the information is confidential and could be harmful if

misused.  Defendant also argues that Holliday's tax returns and the SEC information

is irrelevant to the litigation.  Defendant then contends that it is not comfortable

disseminating the personal and contact information without a protective order.  [*Id.* at

14-15].

Plaintiff responds that the motion for a protective order is untimely because

discovery closed on June 26, 2006, well before Defendant filed the motion for a

protective order on July 11, 2006, and Defendant did not seek to extend the time for

discovery.  [Doc. 52 at 3-4].  As a result, Plaintiff requests that the motion be "denied

or vacated, whichever the Court deems appropriate."  [*Id.* at 4].

Rule 26(c) does not provide an explicit time for a party to file a protective order.

*See* FED. R. CIV. P. 26(c); *see also Seminara v. City of Long Beach*, Nos. 93-56395,

93-56512 at * 4 (9th Cir. Oct. 6, 1995).  Courts have found, however, an "implicit

requirement that the motion must be timely." *Brittain v. Stroh Brewery Co.*, 136 F.R.D.

408, 413 (M.D.N.C. 1991).  "A motion for a protective order is timely if made prior to

the date set for producing the discovery."  *Id.*  A court may excuse an untimely

protective order "for good cause, such as lack of sufficient time or opportunity to obtain

40

the order." *Id.*  Good cause may be shown if a party attempts to negotiate a consent protective order. *Id.* at 414.  Even in this situation, the protective order should be filed within "the time set for the response to a motion to compel the written discovery," *id.*, which is ten days in this Court, *see* N.D. Ga. R. 7.1B, 37.1C.

The Court agrees with Plaintiff that Defendant's motion to for a protective order is untimely.  First, Defendant's motion for a protective order occurred long after the time had expired to respond to Plaintiff's request for documents and interrogatories.[17] Second, Defendant's motion also occurred well after the time for filing a response to Plaintiff's motions to compel were filed.  The Court notes that Plaintiff filed her motion to compel a response to interrogatory No. 20 on June 19, 2006, which sought the contact information of witnesses employed by Defendant.  [Doc. 41].  Defendant did not respond to this motion to compel until it filed the motion for a protective order on July 11, 2006, 22 days after Plaintiff filed the motion to compel this information. Likewise, Plaintiff sought Holliday's tax returns and information concerning SEC investigations in the May 1 motion to compel, which was essentially re-filed on May

---

[17]     Answers to interrogatories and responses to document requests are to be made within 30 days after service of the interrogatories or requests for documents unless the parties agree to a longer period of time or the court orders a longer period of time. *See* FED. R. CIV. P. 33(b)(3), 34(b).

41

30, 2006, by the motion for compliance.  [*See* Docs. 25, 38].  Thus, Defendant sought a protective order for the SEC information and Holiday's tax returns 42 days after Plaintiff sought the information in the motion for compliance.  Defendant's motion for a protective order is therefore untimely.

Accordingly, the motion for a protective order is **DENIED**.  The Court reminds the parties that it has previously stated in this order that Plaintiff may not obtain Holliday's tax returns and any information concerning SEC investigations into IKON because the information is irrelevant.  Also, the Court has previously ordered Plaintiff not to use the information concerning IKON employees' contact information outside of her Title VII case.

### b.      Sanctions

Defendant contends that sanctions are appropriate under 28 U.S.C. § 1927 because Plaintiff has unreasonably and vexatiously multiplied proceedings when she prematurely filed her first two motions to compel, filed her motion for compliance without signing the confidentiality agreement, and filed a motion to compel that requested confidential information.  [Doc. 50 at 16-17].  Defendant also contends that Plaintiff's motions and her email tirades constitute bad faith and a "derogation of federal law and practice."  [*Id.* at 17].  Plaintiff responds that the motion for sanctions

42

is untimely because it was filed after the close of discovery and is without merit.  [Doc. 52 at 5].

> Under 28 U.S.C. § 1927,
>
> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  There is a split among the circuit courts as to whether § 1927 applies to *pro se* litigants.  *See Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc.*, 110 Fed. Appx. 283, 286 (3rd Cir. Oct. 5, 2004) (noting circuit split by comparing *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992) (§ 1927 not applicable *to pro* se litigants) with *Wages v. Internal Rev. Serv.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (§ 1927 applies to *pro se* litigants)); *Godwin v. Marsh*, 266 F. Supp. 2d 1355, 1358-59 (M.D. Ala. 2002) (noting circuit split).  "[The Eleventh Circuit] has not explicitly addressed the issue of § 1927's applicability to *pro se* litigants."  *See Godwin*, 266 F. Supp. 2d at 1359.  The only court in this Circuit to explicitly address the issue has determined that § 1927 does not apply to *pro se* litigants.  *Id.*  Also, most courts outside of the Ninth Circuit have also determined that § 1927 does not apply to *pro se* litigants.  *See Balcar v. Bell and Assocs., LLC*, 295 F. Supp. 2d 635, 639 (N.D. W. Va.

43

2003); *Kim v. Earthgrains Co.*, No. 01 C 3895, 2003 WL 41643 at *1 (N.D. Ill. Jan.3, 2003); *Jackson v. Yellow Tech. Servs., Inc.*, 988 F. Supp. 1399, 1403 (D. Kan. 1997). *But see Unanue Casal v. Unanue Casal*, 132 F.R.D. 146, 150 (D. N.J. 1989). This Court concludes that § 1927 does not apply to *pro se* litigants based on the aforementioned authority, in particular the *Godwin* and *Sassower* decisions, and the language in § 1927, which only sanctions "[a]ny attorney or other person admitted to conduct cases."

Accordingly, the Court **DENIES** Defendant's motion for fees and expenses under § 1927 because Plaintiff is proceeding *pro se*.[18]

**III.   CONCLUSION**

For the aforementioned reasons, the Court renders the following decisions:

(1)     Plaintiff's Motion for Subpoenas, [Doc. 36], is **DENIED AS UNNECESSARY**.

(2)     Plaintiff's Motion for Compliance, [Doc. 38], is **GRANTED IN PART AND DENIED IN PART**.  Defendant **SHALL** respond to all interrogatories and

---

[18]     The Court also notes that a motion for sanctions under § 1927 also is most likely premature.  *See Vandeventer v. Wabash Nat'l Corp.*, 893 F. Supp. 827, 845-46 (N.D. Ind. 1995) ("[T]he determination of what are truly excess costs, expenses, and attorney fees cannot be determined until the close of the litigation. . . .  [I]t is normally best to wait until the end of the litigation [to impose sanctions under § 1927] to precisely determine what claims were non-viable as well as when it was that they became non-viable.").

AO 72A
(Rev.8/82)

document requests as requested in Plaintiff's motions to compel, [Docs. 24-25], within fifteen (15) days after entry of this order.  Defendant need not produce, however, any information sought in Document Request No. 11 or Holliday's tax returns and information concerning SEC investigations into IKON as sought in Document Request No. 10.  Defendant also shall redact from any documents to be disclosed the Social Security Numbers of any persons other than Plaintiff.

(3)     Plaintiff's Motion to Compel, [Doc. 41], is **GRANTED**.  Plaintiff **SHALL NOT** release the information sought in Interrogatory No. 20 to third parties or use the information outside of the instant litigation.

(4)     Plaintiff's Motion to Quash Subpoenas, [Doc. 42] is **DENIED**.

(5)     Defendant's Motion to Compel, [Doc. 43], is **GRANTED**.  Plaintiff **SHALL** provide the information sought in Document Requests No. 5 and 12 within fifteen (15) days of entry of this order.  Defendant **SHALL NOT** release the information obtained from Document Request No. 5 to third parties or use the information outside of the instant litigation.  Also, Plaintiff **SHALL** respond to Defendant's questions by deposition testimony concerning her current employer and her consulting business at a mutually agreeable time and location within fifteen (15) days of entry of this order.

AO 72A
(Rev.8/82)

(6)     Plaintiff's and Defendant's Motions for Sanctions, [Docs. 43-44], are **DENIED**.

(7)     Plaintiff's Motion to Correct the Docket, [Doc. 45], is **DENIED**.

(8)     Defendant's Motion for an Extension of Time to File Dispositive Motions, [Doc. 48], is **GRANTED**.  The Parties **SHALL** file any dispositive motions within forty-five (45) days of entry of this order.

(9)     Defendant's Motion for a Protective Order and Motion for Sanctions, [Doc. 50], are **DENIED**.

The Court reiterates that the parties **SHALL** attempt to resolve any discovery disputes arising from this order on their own without Court intervention.  There is no need for the Court to write another lengthy opinion concerning discovery disputes in this matter.

        **IT IS SO ORDERED**, this the 10th day of August, 2006.


                    *S/ Alan J. Baverman*
                    **ALAN J. BAVERMAN**
                    **UNITED STATES MAGISTRATE JUDGE**

46